United States District Court
Southern District of Texas
**ENTERED**
June 08, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROSY CLARET RUBIO PENA,              §
                                     §
            Petitioner,              §
                                     §
v.                                   §      CIVIL ACTION NO. H-26-2550
                                     §
RANDAL TATE,[1]                      §
                                     §
            Respondent.              §

## ORDER OF DISMISSAL

The petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Docket Entry No. 1), challenging her continued detention by the United States Department of Homeland Security, Immigration and Customs Enforcement. The respondent has now filed an advisory informing the Court that the petitioner has been released from custody, and the petitioner has filed an advisory confirming that she has been released.

"Under Article III of the Constitution this Court may only adjudicate actual, ongoing controversies." Honig v. Doe, 484 U.S. 305, 317 (1988). "Mootness has two aspects: 'when the issues presented are no longer live' or the parties lack a legally

---

[1] The Warden is substituted as the sole respondent in place of the other listed respondents because he is the petitioner's immediate custodian as the warden of the Montgomery Processing Center. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2720 (2004) ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."); see also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

cognizable interest in the outcome.'" <u>United States Parole Comm'n v. Geraghty</u>, 445 U.S. 388, 396 (1980) (quoting <u>Powell v. McCormack</u>, 395 U.S. 486, 496(1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot. With the designation of mootness comes the concomitant designation of non-justiciability." <u>American Med. Ass'n v. Bowen</u>, 857 F.2d 267, 270 (5th Cir. 1988)(citations omitted).

Because the petitioner is no longer in custody, this case is moot. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE AS MOOT.**

The Clerk shall provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this **8th** day of June, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE